**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00320-REB-CBS

JOHN SENI, Derivatively on Behalf of CIBER, INC.,

        Plaintiff,

v.

DAVID C. PETERSCHMIDT, CLAUDE J. PUMILIA, PETER H. CHEESBROUGH, BOBBY G. STEVENSON, JEAN-FRANCOIS HEITZ, PAUL JACOBS, STEPHEN S. KURTZ, KURT J. LAUK, ARCHIBALD J. MCGILL, and JAMES C. SPIRA,

        Defendants.

and

CIBER, INC.,

        Nominal Defendant.

**MOTION TO STAY DISCOVERY AND VACATE THE SCHEDULING CONFERENCE
AND RELATED DEADLINES**

Individual defendants David C. Peterschmidt, Claude J. Pumilia, Peter H. Cheesbrough, Bobby G. Stevenson, Jean-Francois Heitz, Paul Jacobs, Stephen S. Kurtz, Kurt J. Lauk, Archibald J. McGill, James C. Spira (collectively "Individual Defendants"), and nominal defendant CIBER, Inc. ("CIBER" or the "Company") (with the Individual Defendants, "Defendants"), through their undersigned counsel, submit this Motion to Stay Discovery and Vacate the Rule 16(b) scheduling conference currently set for April 30, 2012, and its related deadlines and requirements. Under District of Colorado Civil Local Rule 7.1A, the Defendants certify that they conferred on this motion with counsel for Plaintiff prior to seeking this relief.

1

## INTRODUCTION

Discovery in this matter should be stayed and the Scheduling Conference set for April 30, 2012 should be vacated. Here, any discovery, the Scheduling Conference, the Rule 26(f) meeting, and the requirement that the parties develop a proposed scheduling and discovery plan, are premature in this purported shareholder derivative action ("Derivative Action") for three reasons. First, Plaintiff has yet to establish his standing to pursue a claim – let alone conduct discovery on such a claim – on behalf of the Company. Second, the instant purported derivative suit is nearly identical to a federal securities class action ("Class Action") that has been pending before the Honorable John L. Kane since October 28, 2011 (attached as Exhibit A to the Declaration of Holly Stein Sollod filed concurrently herewith).[1] While Plaintiff asserts that he has brought this purported derivative action for the benefit of nominal defendant CIBER, it cannot possibly be in CIBER's best interests to fight the same battle on two fronts and be required to engage in discovery before plaintiff has even demonstrated he has standing. Likewise, developing a case schedule and comprehensive discovery plan at this point would be a waste of time and resources for the both the Court and the parties.[2]

Third, and wholly apart from the waste of Court resources and prejudice CIBER would suffer if discovery in this action were allowed to proceed, discovery should be stayed and the scheduling conference should also be vacated because the Private Securities Litigation Reform

---

[1] Defendants are filing a Notice of Related Cases pursuant to D.C.COLO.LCivR 7.5 concurrent with the filing of this Motion.

[2] The Defendants respectfully suggest that should the Derivative Action survive the Company's motion to dismiss for demand futility reasons, at that point it would make sense for the parties to meet and confer on a discovery schedule and deadlines and thereafter appear before the Court for a scheduling conference.

Act of 1995 ("PSLRA") requires that "*all discovery and other proceedings*" be stayed during the pendency of any motion to dismiss. The Class Action pending before Judge Kane asserts claims under the Securities and Exchange Act of 1934 (the "Exchange Act") and is governed by the PSLRA. The PSLRA imposes a mandatory stay on discovery until CIBER's motion to dismiss the Class Action is decided. *See* 15 U.S.C. § 78u-4(b)(3)(B). This stay applies to both the Class Action and the Derivative Action. Plaintiff here seeks to do an end run around the mandatory discovery stay imposed by the PSLRA by filing a mirror complaint to the Class Action, but only asserting state law claims. This, the law does not permit Plaintiff to do. The fact that Plaintiff chose to assert parallel state law claims does not override the Congressional mandate reflected in the PSLRA. Nor could it, as that would eviscerate the PSLRA, allowing any plaintiff to avoid its application by simply alleging state law claims.

For these reasons, and others detailed below, CIBER respectfully submits that discovery should be stayed and the scheduling conference set for April 30, 2012 should be vacated.

## FACTUAL AND PROCEDURAL HISTORY

### I.      The Securities Class Action

On October 28, 2011, plaintiff Burt Weston filed a purported securities class action lawsuit in the United States District Court for the District of Colorado against CIBER and Messrs. Peterschmidt, Pumilia, and Cheesbrough, alleging violations of the Securities and Exchange Act of 1934. The Class Action alleges that the defendants issued false and misleading statements concerning CIBER's financial results and business prospects because "unbeknownst to the public, the Company was facing significant charges arising from legacy contracts entered

into in or before 2009, and substantial weakness in sales in its North American sector." Class Action ¶¶ 2-3.

On January 31, 2012, the Court in the Class Action granted plaintiffs' motion to be appointed lead plaintiff and appointed the law firms of Robbins Geller Rudman & Dowd LLP and Robbins Umeda LLP as class counsel. [Class Action, Doc. #20]. Thereafter the Court granted the parties' proposed scheduling order, setting the following deadlines: a consolidated complaint will be filed by April 2, 2012; Defendants' motion to dismiss the consolidated complaint will be filed by May 2, 2012; Plaintiffs' response to Defendants' motion to dismiss the consolidated complaint will be filed by June 18, 2012; and Defendants' reply will be filed by July 18, 2012. [Class Action, Doc. #21].

**II.     The Present Derivative Action**

On February 7, 2012, Plaintiff in the instant case filed a purported shareholder derivative complaint on behalf of nominal defendant CIBER, alleging claims against the individual defendants for breach of fiduciary duty and unjust enrichment. Plaintiff bases his claims on the same allegations as set out in the Class Action, alleging that the defendants issued false and misleading statements concerning CIBER's financial results and business prospects because "unbeknownst to the public, the Company faced significant charges arising from legacy contracts entered into in or before 2009, and substantial weakness in sales in its North American sector." Derivative Action ¶¶ 2, 4.

On February 17, 2012, counsel for the Defendants signed waivers of service on behalf of the Defendants, thus providing the Defendants with sixty (60) days to answer or respond to the Derivative Complaint. By order dated February 28, 2012 [Doc. #14], this Court set a Scheduling

Conference for April 30, 2012, with a Rule 26(f) meeting to occur no later than April 9, 2012. Defendants will file a motion to dismiss the Derivative Complaint well in advance of April 30th and their 60-day deadline.

### III.     The Overlapping Allegations

The factual and legal allegations here are identical in substance to those in the earlier-filed Class Action. Indeed, the Derivative Action appears to have parroted much of the Class Action complaint. In several instances, Plaintiff in the Derivative Action has cut and pasted the exact language from the Class Action directly into his complaint. For example, both complaints allege that "[h]owever, unbeknownst to the public, the Company was facing significant charges arising from legacy contracts entered into in or before 2009, and substantial weakness in sales in its North American sector." C*ompare* Class Action ¶ 3, *with* Derivative Action ¶ 4. Both complaints also state that:

> On August 3, 2011, the Company issued a press release and held an earnings conference call reporting financial results that were "significantly below . . . expectations," and announcing that it would suspend its full-year 2011 guidance due to "sales weakness in North America, [and] changes in estimates on five [fixed-price] projects that were signed in 2009 or earlier, and required adjustments to the balance sheet."

*Compare* Class Action ¶ 4, *with* Derivative Action ¶ 7 (alteration in original). Paragraph 17 in the Class Action is identical – word for word – to Paragraph 27 in the Derivative Action.

In addition, both the Class Action and the Derivative Action claim that the exact same statements issued by CIBER during the period of December 15, 2010 to August 3, 2011 were false and misleading. *Compare* Class Action ¶¶ 1, 4, 16, 21, 22, 26, *with* Derivative Action ¶¶ 2, 7, 26, 31, 33, 35, 39, 43. Both actions assert that these statements were false and misleading because CIBER failed to disclose alleged problems in the Company's business about: (1) the

5

"significant charges arising from legacy contracts entered into in or before 2009" that the Company faced; and (2) the purported substantial weakness in sales in its North American sector. *Compare* Class Action ¶¶ 2-3, 20, 25, *with* Derivative Action ¶¶ 2, 4, 6, 32-33, 38. The Class Action and Derivative Action also allege that the Defendants knew the Company lacked the "operational discipline, process and controls" to evaluate its legacy contracts. C*ompare* Class Action ¶ 3, *with* Derivative Action ¶ 5. Lastly, both the Plaintiff here and the Class Complaint allege that the "truth" concerning the alleged misstatements was "revealed" in an August 3, 2011 press release and earnings conference call. *Compare* Class Action ¶¶ 4, 26, *with* Derivative Action ¶¶ 7, 39.

## ARGUMENT

**I.     Plaintiff Is Not Entitled to Discovery Until He Establishes Standing**

Fed. R. Civ. P. 23.1 and governing Delaware law provide that Plaintiff cannot conduct discovery until and unless he survives the motion to dismiss. Under Delaware law,[3] management of a corporation's affairs – including the decision of whether to commence litigation – is vested in the company's board of directors, not its shareholders. For that reason, a shareholder does not have standing to pursue claims on behalf of the corporation except under very limited circumstances; the shareholder must show either that he demanded that the board initiate litigation and was wrongfully refused, or that demand on the board would have been futile (and thus should be excused). *See* FED. R. CIV. P. 23.1. In this case, Plaintiff did not make a demand

---

[3] Because CIBER is a Delaware corporation, Delaware law governs the issue of whether Plaintiff has standing to pursue a derivative action on its behalf. *See, e.g.*, *Kenney v. Koenig*, 426 F. Supp. 2d 1175, 1180 (D. Colo. 2006) (holding that court must "apply the demand futility exception as it is defined by the law of the State of incorporation") (quoting *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 108-09 (1991)).

6

on CIBER's Board of Directors.  Accordingly, in order to establish his standing to pursue litigation on behalf of the Company, Plaintiff must plead particularized facts demonstrating that a demand would have been futile.  *Id*.

Derivative plaintiffs are not entitled to discovery to assist them is showing their compliance with the particularized pleading requirements of Rule 23.1.  Rather, a derivative plaintiff's standing to sue in a derivative suit must be determined on the basis of the well-pleaded allegations of the complaint.  *See Ryskamp v. Looney*, No. 10-CV-00842, 2010 WL 4256205 at *3 (D. Colo. Oct. 21, 2010) (citing *In re Merck & Co. Sec. Derivative and ERISA Litig.*, 493 F.3d 393, 400 (3rd Cir. 2007)).  Thus, both federal and Delaware courts have repeatedly held that, until a plaintiff has shown he has standing to maintain a derivative claim on behalf of a company, discovery should not go forward.[4]  As Judge Krieger explained in *Ryskamp*, a "stockholder derivative action must survive a motion to dismiss before Plaintiff is entitled to discovery."  *Id.* at *3 (citing *Make A Difference Found., Inc. v. Hopkins*, No. 10-CV-00408, 2010 WL 2197354, at *1-2 (D. Colo. May 28, 2010)).

This threshold question of a shareholder's standing to maintain litigation on behalf of the company makes derivative cases different from other cases where discovery may be permitted before resolution of a motion to dismiss.  As Magistrate Judge Watanabe explained in *Make A*

---

[4] *See, e.g.*, *Scattered Corp. v. Chicago Stock Exch., Inc.*, 701 A.2d 70, 77 (Del. 1997) ("The law in Delaware is settled that plaintiffs in a derivative suit are not entitled to discovery to assist their compliance with the particularized pleading requirement of Rule 23.1 in a case of demand refusal."), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000); *In re Openwave Sys. Inc. S'holder Deriv. Litig.*, 503 F. Supp. 2d 1341, 1353 (N.D. Cal. 2007) (staying discovery and holding that "Rule 23.1 reflects a Congressional intent that derivative actions pass certain hurdles before being allowed to proceed with the normal course of litigation, including discovery").

*Difference*, (upon which Judge Krieger relied): "Defendants' Rule 23.1 challenge [to a derivative complaint] raises a threshold procedural issue," "akin to motions to dismiss on jurisdictional grounds." 2010 WL 2197354, at *1.

The holding in *Make A Difference* is on point. In *Make a Difference*, defendants in a shareholder derivative action filed a Motion for Protective Order to Stay Discovery Pending Resolution of Motion to Dismiss. *Id*. The defendants brought a Rule 23.1 motion to dismiss the derivative complaint, asserting that standing was a "threshold procedural issue" and argued that the scheduling conference should be vacated and that discovery should be stayed until the Court determined the merits of the motion to dismiss. *Id.* In granting the discovery stay and vacating the scheduling conference, the Court recognized the "risk of proceeding with expensive discovery in a lawsuit that is not properly asserted by the right plaintiff or in the right forum." *Id.*[5]

Here, Defendants intend to promptly file motions to dismiss the Derivative Action. As in *Make a Difference*, until such time as Plaintiff shows he has standing to bring a claim on behalf of the corporation by surviving a motion to dismiss under Rule 23.1, he is not entitled to discovery. For that reason, discovery should be stayed and, given that the scheduling conference is not necessary at this point in the proceedings, it should be vacated.

## II.  The PSLRA Prohibits Discovery Until After the Motion To Dismiss Is Resolved

The PSLRA provides that "[i]n any private action arising under [the Exchange Act], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss,"

---

[5] This stay applies not only where the motion to dismiss has actually been filed, but also where "it is anticipated that such a motion will be filed in the future." *In re DPL Inc., Sec. Litig.*, 247 F. Supp. 2d 946, 947 n.4 (S.D. Ohio 2003).

absent a showing that particularized discovery is necessary to preserve evidence or that undue prejudice will result. 15 U.S.C. § 78u-4(b)(3)(B). Although certain provisions of the PSLRA apply only to class claims, the automatic discovery stay is not so limited. Indeed, it is well established that the PSLRA stay applies to related state law claims that are parallel to federal claims pending in another federal matter. *See In re Countrywide Fin. Corp. Deriv. Litig.*, 542 F. Supp. 2d 1160, 1180 (C.D. Cal. 2008); *see also Britton v. Parker*, Nos. 06-cv-01797, 06-CV-1922, 06-CV-02017, 2007 WL 2871003, at *2 & n.4 (D. Colo. Sept. 26, 2007) (noting that discovery was stayed where shareholders' derivative action asserted, *inter alia*, violation of § 14(a) of Exchange Act, breach of fiduciary duty, and unjust enrichment).[6]

### a. Plaintiff Cannot Evade the Mandatory Discovery Stay By Only Including Claims Under State Law

The fact that the Derivative Complaint contains non-Exchange Act claims does not exempt it from the PSLRA's discovery stay.

First, courts have repeatedly held that a plaintiff cannot make an end run around the PSLRA discovery stay by asserting state claims in a derivative action. *See Countrywide*, 542 F. Supp. 2d at 1180. As the Ninth Circuit has recognized, "Congress' attempt to address [concerns of discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the stay simply by asserting pendent state law claims in federal court in conjunction with their

---

[6] *Accord Laborers Int'l Union of North America v. Bailey*, 310 F. App'x 128, 130 (9th Cir. 2009) (affirming denial of motion to compel; "Appellants' arguments as to why the PSLRA [discovery stay] does not apply to its derivative suit are not persuasive."); *In re Marvell Tech. Grp. Ltd. Deriv. Litig.*, No. C-06-03894, 2007 WL 1545194, at *2 (N.D. Cal. May 29, 2007); *In re Asyst Techs., Inc. Deriv. Litig.*, No. C-06-04669, 2008 WL 916883, at *1 (N.D. Cal. Apr. 3, 2008); *In re Altera Corp. Deriv. Litig.*, No. C 06-03447, 2006 WL 2917578, at *1-2 (N.D. Cal. Oct. 11, 2006); *Melzer v. CNET Networks, Inc.*, No. C 06-03817, 2006 WL 3716477, at *2 (N.D. Cal. Dec. 15, 2006).

federal law claims." *See SG Cowen Sec. Corp. v. U.S. Dist. Court*, 189 F.3d 909, 913 n.1 (9th Cir. 1999) (alteration in original) (quoting District Court); *accord Cremeen v. Schaefer*, No. CIV. A. 04-2519, 2005 WL 4703651, at *1 (D. Kan. Dec. 7, 2005) (holding that PSLRA's mandatory stay of discovery applies in case which alleged claims under Kansas law in addition to federal securities claims; "[T]he PSLRA stay of discovery applies to other claims arising from the same allegations as securities claims. Were the court to hold otherwise, the discovery limitations of the PSLRA would be meaningless.") (citing *Rampersad v. Deutsche Bank Sec. Inc.,* 381 F. Supp. 2d 131, 134 (S.D.N.Y. 2003) (finding that because the state law claims "arise from the same allegations of a scheme of unauthorized and unsuitable investment decisions [as related federal claims] . . . Plaintiff has not shown that staying discovery with respect to his state law claims will subject him to undue prejudice.")); *see also In re Cardinal Health, Inc. Sec. Litig*., 365 F. Supp. 2d 866, 872 (S.D. Ohio 2005) (staying discovery of state law claims in state court actions until the court had decided motion to dismiss claims filed in federal court).

Second, the state law allegations set out in the Derivative Action cannot be distinguished from the allegations set out in the Class Action because the allegations concern the same nexus of events and legal bases. *See supra* at 5-6. Thus, this is not a case where the federal and state claims pertain to unrelated events and causes of action. In such circumstances, "lifting the mandatory stay as to the closely related state claims would be equivalent to lifting the stay for the federal claims and 'would be an improper end run around the PSLRA.'" *Sarantakis v.*

*Gruttaduaria,* No. 02 C 1609, 2002 WL 1803750, at *4 (N.D. Ill. Aug. 5, 2002) (citation omitted).[7]

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that discovery be stayed and the Rule 16(b) scheduling conference currently set for April 30, 2012 and related deadlines be vacated.

DATED:  March 21, 2012

Respectfully submitted,

*S/Holly Stein Sollod*
Holly Stein Sollod
Brooke H. McCarthy
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Post Office Box 8749
Denver, CO  80201-8749
Telephone: (303) 295-8000
Fax: (303) 295-8261
hsteinsollod@hollandhart.com
bmccarthy@hollandhart.com

Boris Feldman
Elizabeth C. Peterson
Wilson Sonsini Goodrich & Rosati PC
650 Page Mill Road
Palo Alto, CA 94304
Telephone:  (650) 493-9300
Fax:  (650) 493-6811

---

[7] Because the PSLRA provides that "all discovery and other proceedings" are stayed, the stay applies to initial disclosures as well as other forms of discovery. *Medhekar v. U.S. Dist. Court*, 99 F.3d 325, 328 (9th Cir. 1996) ("We conclude that initial disclosures are a subset of discovery, and that, as such, they are included in the [PSLRA]'s stay provision.").

11

boris.feldman@wsgr.com
epeterson@wsgr.com

*Attorneys for Individual Defendants David C. Peterschmidt, Claude J. Pumilia, Peter H. Cheesbrough, Bobby G. Stevenson, Jean-Francois Heitz, Paul Jacobs, Stephen S. Kurtz, Kurt J. Lauk, Archibald J. McGill, James C. Spira, and for Nominal Defendant CIBER, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2012, I electronically filed the foregoing with the Clerk of Court using CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

>evan@lipsteinlaw.com
>frankj@johnsonandweaver.com

*s/ Holly Stein Sollod*