**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  12-cv-00320-REB-CBS

JOHN SENI, Derivatively on Behalf of CIBER, INC.,

     Plaintiff,

v.

DAVID C. PETERSCHMIDT,
CLAUDE J. PUMILIA,
PETER H. CHESSBROUGH,
BOBBY G. STEVENSON,
JEAN-FRANCIOS HEITZ,
PAUL JACOBS,
STEPHEN S. KURTZ,
KURT J. LAUK,
ARCHIBALD J. MCGILL, and
JAMES C. SPIRA,

     Defendants

# ORDER GRANTING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on the **Defendants' Motion To Dismiss** [#36][1] filed April 12, 2012.  The plaintiffs filed a response[#49], and the defendants filed a reply [#54].  I grant the motion.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

## II. STANDARD OF REVIEW

The defendants challenge the complaint under FED. R. CIV. P. 9(b), 12(b)(6), and

---

[1] "[#36]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

23.1.  In the section concerning analysis, I address the standards applicable under Rules 9(c) and 23.1.  The overarching standard is that of Rule 12(b)(6), which I summarize here.

In considering a motion under Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations in the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a).  I must accept all well-pleaded allegations of the complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); **see also Burnett v. Mortgage Elec. Registration Sys., Inc.**, ___ F.3d ___, ____, 2013 WL 386283, *2 - *3  (10th Cir. 2013); ***Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 538 U.S. 999 (2003).  I review the challenged portion of a complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570 (2007)); **see also Ashcroft v. Iqbal**, 556 U.S. 662 (2009); **Burnett**., ___ F.3d ____, 2013 WL 386283, *2 - *3.  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual

support for *these* claims." *Id.* (emphases in original).[2]  Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 550 U.S. at 556) (internal quotation marks omitted).

### III.  ANALYSIS

This case is a shareholder derivative action brought against the directors and certain current and former officers of CIBER, Inc.  Basically, the plaintiff, John Seni, challenges CIBER's guidance for fiscal year 2011.  Mr. Seni alleges that the defendants knowingly, recklessly, or negligently approved the issuance of false statements that misrepresented and failed to disclose material information concerning the company.  Seni asserts a claim for breach of fiduciary duty and a claim for unjust enrichment.  The parties agree that the substantive law of Delaware controls Mr. Seni's claims.  ***See, e.g.,Edgar v. MITE Corp.***, 457 U.S. 624, 645 (1982) (describing the internal affairs

---

[2]  ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

3

doctrine).

### A.  Rule 23.1

Rule 23.1(b) requires that certain allegations be pleaded in a complaint in a shareholder derivative action.  The complaint must "allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law."  FED. R. CIV. P. 23.1(b).  According to the defendants, the plaintiffs' allegations do not satisfy this requirement.  The defendants cite cases holding that Rule 23.1 and similar state rules are not satisfied unless the plaintiff alleges specifically when they purchased shares in the company, that they owned shares at the time of the challenged transactions, and that they owned shares throughout the pendency of the litigation.  Other cases hold that a plaintiff need not allege specifically when the shares were purchased.

In the complaint [#1], Mr. Seni alleges:

This action arises out of the Individual Defendants' decision to issue materially false and misleading statements concerning CIBER's financial results and business prospects from December 15, 2010, to August 3, 2011 (the "Relevant Period").

¶ 2.[3]  "Plaintiff John Seni is a shareholder of CIBER common stock, and has continuously held throughout the Relevant Period."  ¶ 12.  In the context of this case, I find that these allegations satisfy the requirements of Rule 23.1.  The Relevant Period is defined as the span of time when the transactions in question took place, and Mr. Seni alleges clearly that he owned CIBER shares throughout that period.  To the extent there is a requirement that the plaintiff allege ownership during the pendency of the litigation, Mr. Seni has satisfied that requirement by alleging that he "is a shareholder of CIBER

---

[3] I cite the complaint [#1] by paragraph number.

4

common stock . . . ." Thus, I deny the motion to dismiss to the extent it is based on Rule 23.1.

### B. Failure to State a Claim

I address the 12(b)(6) standard next, because the 12(b)(6) issues inform the issued related to the Delaware demand requirement, discussed below. I conclude that the plaintiffs' claims against the individual defendants must be dismissed because the plaintiff fails to make sufficiently specific allegations addressing each defendant individually. Rather, the plaintiff indulges the unacceptable short hand of group pleading.

For example, the plaintiff alleges "On February 25, 2011, the Individual Defendants caused the Company to file its Form 10-K . . . ." ¶ 33, and the "above statements made by the Defendants were materially false and misleading because: (i) they knew that the Company lacked the operational discipline, process, and controls to properly evaluate the financial impact of its legacy contracts and the performance of its North American operations and, as such, had no basis to make positive statements about CIBER's financial health and future growth." ¶ 38. With relatively few exceptions, this style of pleading is used throughout the complaint. None of the individual outside directors, directors not employed by CIBER, is mentioned by name in the Substantive Allegations section of the complaint. ¶¶ 25 - 63. Rather, the actions, knowledge, and motivations of the outside directors are described only when the plaintiff uses the phrase "Individual Defendants."

Even when the enhanced pleading requirements of Rule 9(b) are not at issue, such group pleading does not provide the specificity required by **Twombly**, **Iqbal**, and related cases. Such general group pleading is not sufficient to present a plausible claim

that a particular individual has particular knowledge, a particular motivation, or took a particular action.  The fact that one individual had certain knowledge or motivation or took a certain action does not create an assumption or presumption that others in a group with that individual share that knowledge or motivation or took the same action.  Group pleading seeks to state a claim against individuals based on such assumptions or presumptions.  In the context of the claims asserted in the plaintiff's complaint, more detail is required to state a claim against an individual.  **See Robbins v. Oklahoma**, 519 F.3d 1242, 1249 - 1250 (10th Cir. 2008).

The defendants argue that some of the plaintiff's claims sound in fraud and must meet the more detailed pleading requirements of Rule 9(b).  According to the plaintiff, none of his claims sounds in fraud.  Rather, the plaintiff asserts, the claims in question are only breach of fiduciary duty claims.

In ¶ 92, addressing the breach of fiduciary duty claim, the plaintiff alleges:

> The Individual Defendants each knowingly, recklessly or negligently approved the issuance of false statements that misrepresented and failed to disclose material information concerning the Company. These actions could not have been a good faith exercise of prudent business judgment to protect and promote the Company's corporate interests.

Elsewhere in the complaint, the plaintiff alleges that the defendants were aware of information about CIBER which made various statements issued by the company materially inaccurate.  *See, e.g.*, ¶¶ 38, 41, 92.  The key question is whether or not these allegations of knowing misrepresentations and material omissions by the defendants sound in fraud.

Under Delaware law, the elements of common law fraud are 1) the existence of a false representation by the defendant; 2) the defendant had knowledge or belief that the representation was false, or made the representation with requisite indifference to the

6

truth; 3) the defendant had the intent to induce the plaintiff to act or refrain from acting; 4) the plaintiff acted or did not act in justifiable reliance on the representation; and 5) the plaintiff suffered damages as a result of such reliance. ***H-M Wexford LLC v. Encorp, Inc.***, 832 A.2d 129, 144-45 (Del. Ch. 2003). Fraud may also occur through deliberate concealment of material facts. *Id*.

Knowing misrepresentation or omission is a key element of fraud, but not the only element. Intent to induce the plaintiff to act or refrain from acting and the plaintiff's action or failure to act in justifiable reliance on the defendant's statement or omission also are key elements of fraud. The plaintiff does not allege that CIBER acted or failed to act in justifiable reliance on the information allegedly disseminated by the defendants. Thus, assessing the allegations in the plaintiff's current complaint, I conclude that the plaintiff's claims do not sound in fraud. Therefore, the requirements of Rule 9(b) are not applicable.

In sum, the allegations in the plaintiff's complaint do not satisfy the requirements of Rule 8, as refined in ***Twombly***, ***Iqbal***, and related cases. As currently alleged, the plaintiff's claims do not sound in fraud, and the requirements of Rule 9(b) are not applicable.

### C. Delaware Demand Requirement

Under Delaware law, the right of a stockholder to prosecute a derivative action is "limited to situations where the stockholder has demanded that the directors pursue the corporate claim and they have wrongfully refused to do so or where demand is excused because the directors are incapable of making an impartial decision regarding such litigation." ***Rales v. Blasband***, 634 A.2d 927, 932 (Del. 1993). This threshold requirement prevents strike suits and ensures that a stockholder exhausts his

intracorporate remedies. *See Aronson v. Lewis*, 473 A.2d 805, 811 (Del. 1984) (*overruled on otr. grounds, Brehm v. Eisner*, 746 A.2d 244, 253 (Del. 2000). The demand requirement can be excused if the plaintiff pleads particular facts creating a reasonable doubt that the majority of the board would be disinterested or independent in making a decision on a demand.

*Aronson* and *Rales* establish somewhat different requirements for excusing the demand requirement in different circumstances. The *Aronson* standard applies when the plaintiff challenges an affirmative decision of a board. This standard requires the plaintiff to plead particular facts which show a reasonable doubt that (1) a majority of the directors is disinterested and independent; or (2) that the transaction was the product of a valid exercise of business judgment. The *Rales* standard applies when no specific board action is challenged. This standard requires the plaintiff to plead "particularized facts creating a reasonable doubt that a majority of the Board would be disinterested or independent in making a decision on a demand." *Rales*, 634 A.2d at 930, 934. *Rales* involved a "unique" situation in which the board "made no decision relating to the subject of this derivative suit. Where there is no conscious decision by directors to act or refrain from acting, the business judgment rule has no application." Thus, in *Rales*, the second aspect of the *Aronson* standard was determined to be irrelevant.

Addressing these two cases, the plaintiff represents that he is challenging affirmative actions taken by the board when it decided to file misleading public regulatory statements when the board knew that there was not an adequate basis for those statements, citing ¶¶ 26, 34. *Response* [#49], p. 20. In addition, the plaintiff says certain individual defendants either made the statements in question or reviewed and approved those statements, citing ¶¶ 32, 34, 46. *Id.* These paragraphs of the complaint

8

do not allege board action.  Generally, the allegations in the complaint allege only in a very general way the basis for the board's alleged knowledge and the actions of the board.

In *Seminaris v. Landa*, 662 A.2d 1350 (Del. Ch. 1995) , the court addressed a similar situation and concluded that the *Rales* standard was applicable.

> In this case, plaintiff does not challenge a decision of Fidelity Medical's board of directors. Plaintiff alleges that the board failed to prevent Landa from misrepresenting the corporation's financial condition. The complaint also alleges that certain board members signed misleading statements on behalf of the corporation, and that all of the defendants conspired with Landa to misrepresent the value of the corporation's stock. However, plaintiff does not challenge any specific board action that approved or ratified these alleged wrongdoings. Therefore, plaintiff must satisfy the one step test announced in *Rales* to demonstrate that he was excused from making a demand. *Rales*, 634 A.2d at 933.

*Seminaris*, 662 A.2d at 1354.

As the complaint stands currently, Mr. Seni does not challenge any specific board action that approved or ratified the alleged wrongdoings.  Thus, given the current allegations, I conclude that the *Rales* standard applies.  If the plaintiff elects to file an amended complaint, he may refine his allegations to challenge specific board action.  Of course, such a change in the complaint would change the standard for determining if the demand requirement is excused.  Accordingly, I await an amended complaint, and a determination of the applicable standard, before determining whether the plaintiff's allegations are adequate to excuse the demand requirement.

## IV.  CONCLUSION & ORDERS

The plaintiff's complaint [#1] satisfies the pleading requirements of Rule 23.1.  As currently pled, the plaintiff's claims do not sound in fraud and, therefore, the pleading

9

requirements of Rule 9(b) are not applicable.  However, the plaintiff's complaint does not satisfy the requirements of Rule 8, as amplified in *Twombly*, *Iqbal*, and related cases.  On that basis, I grant the defendants' motion to dismiss.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Motion To Dismiss** [#36] filed April 12, 2012, is **GRANTED**; and

2. That by April 26, 2013, the plaintiff may file an amended complaint that remedies the deficiencies in the current complaint.

Dated March 22, 2013, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge