**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  12-cv-00320-REB-CBS

JOHN SENI, Derivatively on Behalf of CIBER, INC.,

    Plaintiff,

v.

DAVID C. PETERSCHMIDT,
CLAUDE J. PUMILIA,
PETER H. CHESSBROUGH,
BOBBY G. STEVENSON,
JEAN-FRANCIOS HEITZ,
PAUL JACOBS,
STEPHEN S. KURTZ,
KURT J. LAUK,
ARCHIBALD J. MCGILL, and
JAMES C. SPIRA,

    Defendants

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the following: (1) **Defendants' Motion to Dismiss the Amended Complaint** [#72][1]filed May 20, 2013; (2) **Defendants' Motion to Stay Discovery and Vacate Related Deadlines** [#92] filed July 10, 2013; and (3) the **Recommendation of United States Magistrate** Judge [#113] filed December 17, 2013.  I approve and adopt the recommendation, grant the motion to dismiss, and grant the motion to stay discovery and vacate related deadlines.

---

    [1] "[#72]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

No objections to the recommendation were filed. Therefore, I review the recommendation only for plain error. **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005). Finding no error, much less plain error, in the magistrate judge's recommended disposition, I approve and adopt the recommendation.

The plaintiff, John Seni, brings this shareholder derivative action against the directors and certain current and former officers of CIBER, Inc. Previously, I granted a prior motion to dismiss of the defendants and permitted Mr. Seni to "file an amended complaint that remedies the deficiencies in the current complaint." **Order Granting Motion To Dismiss** [#64] filed March 22, 2013, p. 10. The current motion to dismiss [#72] addresses the amended complaint [#65] filed by Mr. Seni.

The defendants argue that the allegations of Mr. Seni are not sufficient to overcome the demand requirement stated in FED. R. CIV. P. 23.1(b)(3). Previously, I deferred ruling on this issue pending the filing of an amended complaint. **Order Granting Motion To Dismiss** [#64] filed March 22, 2013, p. 9. Under this requirement, a plaintiff in a shareholder derivative suit must plead with particularity the effort made by the plaintiff to obtain the desired action from the directors of the corporation and the "reasons for not obtaining the action or not making the effort." FED. R. CIV. P. 23.1(b)(3). The specifics of the demand requirement in a derivative suit are determined by state law and, here, the parties agree that the substantive law of Delaware governs the claims of the plaintiff. **See Kamen v. Kemper Fin. Servs., Inc.**, 500 U.S. 90, 108 - 109 (1991) (demand requirement, as defined by state law, applicable to derivative action asserting claim under Investment Company Act of 1940, an action analogous to shareholder derivative action); **Wilshire Oil Co. of Tex. v. Riffe**, 409 F.2d 1277, 1283

2

n. 16 (10th Cir.1969) (applying Delaware law as to the liability of corporate officers and directors where Delaware is the state of incorporation).

After a careful and thorough analysis of the allegations in the amended complaint [#65] and the pleading requirements related to the demand requirement, the magistrate judge concluded that the allegations in the complaint do not satisfy the pleading requirements applicable under FED. R. CIV. P. 23.1 and Delaware law:

> Even accepting Mr. Seni's allegations as true, the [amended complaint] fails to plead with particularity facts creating a reasonable doubt that the Director Defendants were incapable of exercising independent and disinterested business judgment in responding to a demand. The [amended complaint] lacks specific allegations that support each Director's knowledge and actions. The [amended complaint] does not cure the "group pleading" problem raised by District Judge Blackburn [in the **Order Granting Motion To Dismiss** [#64] filed March 22, 2013].

*Recommendation* [#113], p. 18. I concur.

At this point, I must determine if the amended complaint [#65] should be dismissed with prejudice or without prejudice. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." **Castleglen, Inc. v. Resolution Trust Corp.**, 984 F.2d 1571, 1585 (10th Cir.1993) (citing **Foman v. Davis**, 371 U.S. 178, 182 (1962)). The plaintiff has made no formal motion to amend his complaint. A district court need not grant leave to amend when a plaintiff fails to make formal motion, and an informal request to amend in response to motion to dismiss is insufficient if it fails to give grounds for proposed amendment. **Calderon v. Kan. Dep't of Soc. & Rehab. Servs.**, 181 F.3d 1180, 1186-87 (10th Cir.1999). Because it does not appear clearly that an attempt to amend necessarily would be futile, the court will permit the plaintiff one

opportunity to amend his complaint to remedy the defects addressed in the recommendation of the magistrate judge. Of course, the plaintiff is not required to amend his complaint. The plaintiff is advised, however, that failure to satisfy the applicable pleading requirements on any re-pleading may result in dismissal of his claims with prejudice.

In the motion to stay discovery and vacate related deadlines [#92], the defendants argue that discovery and related deadlines should be stayed until the standing of the plaintiff to bring this derivative action has been resolved. To this point, the allegations in the two complaints filed by the plaintiff have not established that the plaintiff is entitled to pursue this derivative action. Given that circumstance, the motion to stay discovery and related deadlines should be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate** Judge [#113] filed December 17, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the **Defendants' Motion to Dismiss the Amended Complaint** [#72] filed May 20, 2013, is **GRANTED**;

3. That the claims asserted in the amended complaint [#65] are **DISMISSED** without prejudice;

4. That the plaintiff **SHALL HAVE** until February 26, 2014, to file any motion to amend his complaint;

5. That the **Defendants' Motion to Stay Discovery and Vacate Related Deadlines** [#92] filed July 10, 2013, is **GRANTED**; and

6.  That pending further order, discovery in this case and all related deadlines are **STAYED**.

Dated February 12, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge