**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-00320-REB-CBS

JOHN SENI, Derivatively on Behalf of CIBER, INC.,

    Plaintiff,

v.

DAVID C. PETERSCHMIDT,
CLAUDE J. PUMILIA,
PETER H. CHESSBROUGH,
PAUL JACOBS,
STEPHEN S. KURTZ,
KURT J. LAUK,
ARCHIBALD J. MCGILL, and
JAMES C. SPIRA,

    Defendants

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following: (1) **Defendants' Motion to Dismiss the Second Amended Complaint** [#125][1] filed March 24, 2014; and (2) the **Recommendation of United States Magistrate Judge** [#137] filed November 10, 2014. I approve and adopt the recommendation, grant the motion to dismiss, and dismiss this case with prejudice.

No objections to the recommendation were filed. Therefore, I review the recommendation only for plain error. ***See Morales-Fernandez v. Immigration &***

---

[1] "[#125]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

***Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir. 2005). Finding no error, much less plain error, in the magistrate judge's recommended disposition, I approve and adopt the recommendation.

The plaintiff, John Seni, brings this shareholder derivative action against the directors and certain current and former officers of CIBER, Inc. The pending motion to dismiss addresses the third complaint [#119] filed by Mr. Seni. Previously, I granted motions to dismiss which were directed at the two prior complaints. In their current motion, as in their past motions to dismiss, the defendants argue that the allegations of Mr. Seni are not sufficient to overcome the demand requirement stated in FED. R. CIV. P. 23.1(b)(3). Under this requirement, a plaintiff in a shareholder derivative suit must plead with particularity the effort made by the plaintiff to obtain the desired action from the directors of the corporation and the "reasons for not obtaining the action or not making the effort." FED. R. CIV. P. 23.1(b)(3). In his recommendation [#137], the magistrate judge details thoroughly the law which defines the demand requirement and applies that law to the allegations in the operative complaint. Ultimately, the magistrate judge concludes that the second amended complaint [#119] does not satisfy the demand requirement. Given this conclusion, the magistrate judge recommends that the complaint and this case be dismissed under Fed. R. Civ. P. 23.1 and 12(b)(6). I agree with the analysis, conclusions, and recommendation of the magistrate judge.

At this point, I must determine if the second amended complaint [#119] should be dismissed with prejudice or without prejudice. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." ***Castleglen, Inc. v. Resolution Trust Corp.***, 984

F.2d 1571, 1585 (10th Cir.1993) (citing **Foman v. Davis**, 371 U.S. 178, 182 (1962)). The plaintiff has made no formal motion to amend his complaint. A district court need not grant leave to amend when a plaintiff fails to make formal motion, and an informal request to amend in response to motion to dismiss is insufficient if it fails to give grounds for proposed amendment. **Calderon v. Kan. Dep't of Soc. & Rehab. Servs.**, 181 F.3d 1180, 1186-87 (10th Cir.1999).

The second amended complaint [#119] is the third attempt of Mr. Seni to make allegations which satisfy the pleading requirements applicable to this shareholder derivative suit. For the reasons cited by the magistrate judge, this third attempt was not successful. Nothing in the record indicates that an attempt to amend the complaint yet again would permit Mr. Seni to plead his claims adequately when he has not been able to do so in the past. I find and conclude that another attempted amendment of the complaint would be futile. Permitting such an amendment would cause undue prejudice to the defendants and would impose undue delay on everyone involved in this case. Therefore, I conclude that this case must be dismissed with prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate** Judge [#137] filed November 10, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

2. That under Fed. R. Civ. P. 23.1 and 12(b)(6), the **Defendants' Motion to Dismiss the Second Amended Complaint** [#125] filed March 24, 2014, is **GRANTED**;

3. That the claims asserted in the second amended complaint [#119] are **DISMISSED** with prejudice;

4. That the docket text entry docketed as a recommendation [#138] requesting that a link be created between the **Recommendation of United States Magistrate**

Judge [#137] filed November 10, 2014, and the motion to dismiss [#125], is **APPROVED** and **ADOPTED** as an order of this court;

     5. That **JUDGMENT SHALL ENTER** in favor of the defendants, David C. Peterschmidt, Claude J. Pumilia, Peter H. Chessbrough, Paul Jacobs, Stephen S. Kurtz, Kurt J. Lauk, Archibald J. Mcgill, and James C. Spira, against the Plaintiff, John Seni, derivatively on behalf of Ciber, Inc.;

     6. That the defendants are **AWARDED** their costs, to be taxed by the clerk of the court in the time and manner specified by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

     7. That this case is **CLOSED**.

Dated February 25, 2015, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge